UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Nathaniel R. Collins*

_____
(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

- against -

*C.O Foldvick   C.O AntonGioc*

*C.O. Reyes C.O Santiago C.o Commone*

*SgT ScoTT  C.O Childress  C.O. Morri's*

*Muksie R.N. S. Lanford*
_____
(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: *8/14/2014*

*14* Civ. *04533* *(KMK) JCM*

**PLAINTIFF'S LOCAL CIVIL
RULE 33.2 INTERROGATORIES
AND REQUEST FOR
PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 26(e), 33, 34 and 45, and Local Civil Rule 33.2, the defendants shall answer, under oath, the following interrogatories, and produce copies of the following documents, within 120 days of the service of the Complaint on any named defendant, at the plaintiff's current address and at the Daniel Patrick Moynihan United States Courthouse, *Pro Se* Office, 500 Pearl Street, Room 230, New York, N.Y. 10007,[1] as indicated below.

These requests apply in Use of Force Cases, Inmate Against Inmate Assault Cases and Disciplinary Due Process Cases, as defined below, in which the events alleged in the complaint are alleged to have occurred while the plaintiff was in the custody of either the Department of Corrections of the City of New York or the New York State Department of Correctional Services ( collectively "the Department").

AUG 1 4 2014
PRO SE OFFICE

<u>DEFINITIONS</u>

1. "Use of Force Case" refers to an action in which the complaint alleges that any employee of the Department used physical force against the plaintiff in violation of the plaintiff's rights.
2. "Inmate against Inmate Assault Case" refers to an action in which the complaint alleges that any defendant was responsible for plaintiff's injury resulting from physical contact with another inmate.
3. "Disciplinary Due Process Case" refers to an action in which (i) the complaint alleges that a defendant violated or permitted the violation of a constitutional right(s)

_____

[1]If within the 120-day period the defendant(s) moves for dismissal under Fed. R. Civ. P. 12(b) or 12(c), or moves for summary judgment on grounds which would be dispositive of the action *in toto*, defendants shall respond 30 days from denial of such motion in whole or in part.

*Rev. 05/2007*                                      1

in a disciplinary proceeding against plaintiff, and (ii) the punishment imposed upon plaintiff as a result of that proceeding was placement in a special housing unit for more than 100 days.

4.    "Incident" refers to the event or events described in the complaint. If the complaint alleges a due process violation in the course of prison disciplinary proceedings, "Incident" also refers to the event or events that gave rise to the disciplinary proceedings.

5.    "Facility" refers to the correctional facilities where the Incident is alleged to have occurred.

6.    "Identify," when applied to persons, shall mean:
       (i)     full name and current or last known address for service; and
       (ii)    for Department employees, Department badge number or numbers, if any;
       (iii)   for former or present inmates, any and all inmate identification numbers, including "book and case," "DIN" and "NYSID" numbers.

7.    "Identify," when used in connection with a civil or criminal proceeding shall mean: the case name, court, docket number and date of commencement.

## INSTRUCTIONS

1.    All defendants represented by the Office of the Corporation Counsel of the City of New York or the Office of the Attorney General are instructed to produce documents (or copies thereof) and provide information in the defendants' custody, possession or control and documents and information in the custody, possession or control of the Department. If the Department is not a party, documents and information shall be produced as if a Rule 45 subpoena had been served on the Department. All responses are subject to the requirements of Fed. R. Civ. P. 26(e). Documents so produced shall be Bates-stamped or otherwise numbered sequentially.

2.    Whenever defendants or the non-party Department withhold any document or portion thereof that is responsive to any of the document requests for reasons of privilege or institutional security, counsel for defendants shall (i) obtain a copy of the document (including audio tape, videotape, electronic recording or photograph) from the appropriate agency or defendant and retain such document in counsel's office until the conclusion of the litigation; (ii) serve and file a (privilege) log in conformity with Fed. R. Civ. P. 26(b)(5) or Local Civil Rule 26.2, setting forth the reason for withholding the document; and (iii) make the withheld document available upon request to the Court. If the document is withheld for reasons of institutional discipline or security, rather than privilege, the document shall also be made available to *pro bono* counsel, or to an interested attorney considering the court's request for *pro bono* counsel, who shall maintain it in strict confidence and sign a Confidentiality Agreement as provided by the Court. If security interests can be addressed by redacting a portion of the document, the redacted document shall be produced to plaintiff. Defendant may also take responsibility measures to enure that Department letterhead, forms and stationery are not misused by plaintiff.

3.    If any document responsive to this request exists in the form of a tape recording, video recording or other electronic recording it shall be preserved until the

conclusion of the litigation. If a tape recording has not been transcribed, a copy of such tape or electronic recording shall be produced, subject to any state law or regulation barring access on grounds of security. If the tape, video or electronic recording is not produced to plaintiff, defendant's counsel shall retain the tape and make it available upon request to the Court, *pro bono* counsel or any *pro bono* attorney considering acceptance of the case. Any transcript shall be treated as any other responsive document.

4. The documents responsive to requests 8 through 11 shall be provided for a period of ten years prior to the filing of the complaint, shall be provided to defendants' counsel within the 120-day responsive period and shall be maintained in defendants' counsel's office until the conclusion of the litigation. Such documents shall be produced to the Court upon request or to *pro bono* counsel as provided in Instruction 2. If documents responsive to requests 8 through 11 are not filed with the *Pro Se* Office and are maintained in defendants' counsel's office, the submission that is filed with the *Pro Se* Office shall so indicate. If the case proceeds to trial and plaintiff is not represented, the Court shall address prior to trial the disclosure of such documents to plaintiff for use at trial.

## INTERROGATORIES AND DOCUMENT REQUESTS

1. With respect to any disciplinary proceeding in which plaintiff alleges that he/she was denied a constitutional right, produce all documents concerning the proceeding, including: reports of infraction; notices of infraction; misbehavior reports; any records reflecting informal interviews with the plaintiff or opportunities for the plaintiff to object to his/her discipline or housing status related to his/her discipline; disciplinary hearing records; hearing transcripts;[2] infraction and/or hearing disposition sheets; notices of administrative appeal and any accompanying documents; and any decisions on administrative appeal.

2. Identify all Department employees who were present at, witnessed or investigated the Incident or who at or about the time of the Incident were assigned to work in the area where the Incident occurred (if such area is identifiable and discrete).

3. Identify all persons other than Department employees who were present at the Incident.

4. Produce any and all of the following documents in the Department's File prepared by or at the direction of any employee of the City of New York, the State of New York or any other governmental entity in connection with the Incident: incident reports, intradepartmental memoranda (including memoranda sometimes referred to as "to/froms"), use of force reports, unusual incident reports, witness statements, injury to inmate reports, photographs, reports of infraction, notices of infraction, dispositions of any infraction, misbehavior reports including documents in the file of any inmate disciplined in connection with the incident.

5. Produce all files, including each closing memorandum and summary, made in the course of any completed investigation by the Department of Investigations, Inspection General or Internal Affairs Division into the Incident. If the Incident or

---

[2]An untranscribed tape shall be treated as provided for in Instruction 3.

the conduct of defendants involved in the Incident is the subject of an ongoing investigation or a disciplinary proceeding, criminal investigation or outstanding indictment or information, discovery under this request shall be suspended until the termination thereof (whether by completion of the investigation without charges being brought or by disposition of such charges). A response shall be due thirty (30) days after such termination.

6.   If Plaintiff alleges physical injury and has authorized release, produce records of all medical treatment provided to the plaintiff in connection with such injury or claim. If defendants seek to rely on plaintiff's pre-existing medical condition as a complete or partial defense to any claim raised in the complaint, produce all records relating to such pre-existing medical condition generated during his/her present and any prior term of incarceration. (Plaintiff is advised that if he/she failed to provide a release authorizing disclosure of medical records, the defendant may move to compel such release or to dismiss some or all of plaintiff's claims). If production is made hereunder, identify all medical care providers assigned to work in the Facility clinic on the date of the Incident and identify the signature or initials of each individual who has made an entry on reports or other writings prepared by the medical care provider regarding the Incident or regarding the treatment of any person involved in the Incident.

7.   If any defendant claims to have been physically injured in the Incident, produce all records and claims of injury and all records of medical treatment provided to that defendant in connection with such injury. If defendant refuses to give his/her consent to the release of medical records as to which his/her consent to release is required, defendant shall state whether he/she was treated at a prison facility, a clinic or by a private doctor and the date and place of each such treatment. If production is made hereunder, identify all medical care providers assigned to work in the Facility clinic on the date of the Incident and identify the signature or initials of each individual who has made an entry on reports or other writings prepared by the medical care provider regarding the Incident or regarding the treatment of any person involved in the Incident.

8.   For any defendant, other than for the Department Commissioner, any Deputy Commissioner or Assistant Commissioner, Warden and ranks above, identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in which the defendant formally was counseled, disciplined, punished, or criminally prosecuted or otherwise made the subject of remedial action in connection with having failed to make a report or having made a false statement of any kind.

9.   In a Use of Force Case, identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in which any defendant was formally counseled, disciplined, punished, criminally prosecuted or otherwise made the subject of remedial action in connection with having used force on an inmate.

10.  In an Inmate against Inmate Assault case, identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in which any defendant was formally counseled, disciplined, punished or criminally prosecuted or otherwise made the subject of remedial action in connection

with having failed to supervise inmates property or failed to fulfill any or his or her responsibilities involving inmate safety.

11.  In a Disciplinary Due Process case, identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in which any defendant was formally counseled, disciplined, punished, prosecuted or otherwise made the subject of remedial action in connection with that defendant's participation in or conduct of a disciplinary proceeding where it was alleged that the defendant violated a Department regulation or a constitutional right of an inmate.

12.  Produce from the plaintiff's inmate file for the period of incarceration during which the Incident arose (and any other City or State file for plaintiff if any defendant intends to rely on any of its contents) all documents concerning any occasion that plaintiff was subject to discipline. If the disciplinary record is lengthy, the defendant may, in the first instance, produce a computer printout of the inmate's disciplinary history.