UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

NATHANIEL COLLINS,

                          Plaintiffs,

-v-

C.O. FOLDUICK, et al.,

                          Defendants.

Case No. 14-CV-4533 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

On October 16, 2014, Plaintiff Nathaniel Collins filed a Notice of Change of Address. (Dkt. No. 16.) On December 2, 2014, the Clerk of the Court mailed a copy of the Court's Order dated November 25, 2014, granting Defendants an extension of time to file their Answer to Plaintiff's Complaint, to the address that Plaintiff provided. (*See* Dkt. No. 33.) The Order was returned to the Clerk's Office because it was "[n]ot deliverable as addressed." (Dkt. No. 34.) On December 19, 2014, the Court ordered Plaintiff to notify the Clerk of the Court of his mailing address by no later than January 18, 2015, or risk dismissal of his case for failure to prosecute. (Dkt. No. 35.) The December 19 Order was mailed to Plaintiff's last known address, but was returned because it was "[n]ot deliverable as addressed—unable to forward." (*See* Dkt.)

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *Id.* Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*,

239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "'harsh remedy to be utilized only in extreme situations,'" *see LeSane*, 239 F.3d at 209 (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned that "pro se plaintiffs should be granted special leniency regarding procedural matters." *LeSane*, 239 F.3d at 209 (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." *Jacobs v. Cnty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at * 4 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors: "'[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.'" *Wood v. City of New York*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quoting *LeSane*, 239 F.3d at 209); *see also Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (same). No single factor is dispositive. *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of this case. Plaintiff

2

has failed to notify the Clerk of the Court of his current address. As a result, several documents have been returned for the reason "[n]ot deliverable as addressed—unable to forward." (*See* Dkt.) As indicated in the December 19 Order, "a petitioner has a general obligation to prosecute his case diligently and to keep the Court apprised of his current mailing address, and, if he fails to do so, the Court may dismiss the action under Rule 41(b) for failure to prosecute." *Franco v. Miccoli*, No. 09-CV-8788, 2012 WL 7827903, at *2 (S.D.N.Y. June 5, 2012), *adopted by* 2013 WL 1316339. Plaintiff has not, however, kept the Court apprised of his current mailing address since October 16, 2014, which was also the last date that the Court received communication from Plaintiff. As Plaintiff has failed to provide a mailing address to the Clerk of the Court in accordance with the December 19 Order, or to otherwise communicate with the Court for approximately three months, Plaintiff's case is dismissed without prejudice for failure to prosecute. *See Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute after the court received no communication from the plaintiffs for nearly two months); *Deptola v. Doe*, No. 04-CV-1379, 2005 WL 2483341, at *2 (E.D.N.Y. Oct. 7, 2005) (dismissing case for failure to prosecute after pro se plaintiff was unable to be contacted for over four months); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

SO ORDERED.

Dated: January 21, 2015
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

3