USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
NATHANIEL COLLINS,                                :    14 Civ. 4533 (KMK)
                                                  :
                              Plaintiff,          :    **STIPULATION OF**
                                                  :    **SETTLEMENT,**
             - against -                          :    **GENERAL RELEASE,**
                                                  :    **AND ORDER OF DISMISSAL**
C.O. FOLDVIK, et al.,                             :
                                                  :
                              Defendants.         :
------------------------------------------------------------------- X

    This SETTLEMENT STIPULATION, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Stipulation") is made by and between Plaintiff Nathaniel Collins ("Plaintiff") and Defendants as of March 2, 2015:

    WHEREAS, Plaintiff commenced this action by filing a complaint on or about June 18, 2014 (the "complaint"), in this Court, Case Number 14 Civ. 4533, against Sergeant Kathy Scott, Nurse Susan Langford, and Correction Officers Nicholas Foldvik, A. Antongiorgi, Sergio Reyes, George Santiago, Chris Gammone, Michael Childress and Carson Morris (collectively "Defendants"), in the above-captioned action ("the Action"), alleging that Defendants had violated Plaintiff's rights during Plaintiff's incarceration in the New York State Department of Corrections and Community Supervision system; and

    WHEREAS, Defendants, whether in their individual or official capacities, expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

    WHEREAS, Plaintiff and Defendants wish to fully resolve the claims alleged in the complaint in the Action, and any and all other disputes, whether known or unknown, without further litigation or proceedings and without admission of fault or liability and have negotiated in good faith for that purpose; and

WHEREAS, none of the parties to the Action is an infant or incompetent person; and

WHEREAS, Plaintiff represents and warrants that, other than this Action, he has no action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit.

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Stipulation, Plaintiff and Defendants hereby agree as follows:

**1.  Dismissal of the Action With Prejudice**

The Action, and all claims asserted therein are discontinued with prejudice against Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amount specified in Paragraph 2 below.

**2.  Payment to Plaintiff**

In full consideration of Plaintiff's execution of this Settlement Stipulation, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Defendants shall pay the gross amount of Seventy Thousand Dollars ($70,000), in full satisfaction of any and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against the Defendants, whether in their individual or official capacities, arising out of conduct, acts, or omissions prior to, up to and including the date of this Settlement Stipulation, including but not limited to those asserted in the Action, including any attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial, or otherwise, and any

other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action.

The State of New York, on behalf of the Defendants, shall pay to Plaintiff, the sum of Seventy Thousand Dollars ($70,000), for which I.R.S. Form 1099 shall be issued, in full satisfaction and complete satisfaction of 1) any and all claims for damages incurred by Plaintiff that were or could have been the subject of any claim in the Action, as well as in connection with any other proceeding, administrative, judicial, or otherwise, including, but not limited to, any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action; and 2) any and all claims, purported claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all legal counsel who have at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. The foregoing payment shall be made payable to Plaintiff, Nathaniel Collins, and mailed to his attention, c/o Ethel Collins, at 17 East Park Avenue, Apt. 408, Savannah, Ga. 31401.

### 3. **State Approval of Payments**

Payment of the settlement amount specified in Paragraph 2 of this Agreement is subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiff agrees to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment. In the event such approval is not obtained, this Agreement shall be null, void, and of no further force and effect.

### 4. Accrual of Interest

In the event that payment of the settlement amount specified in Paragraph 2 of this Agreement has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Agreement, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day. If applicable, the provisions referenced in Chapter 62 of the Laws of 2001, as amended (commonly known as "the Son of Sam Law" relating to crime victims, funds of convicted persons and the New York State Office of Victims Services), including, but not limited to Section 632-a of the New York Executive Law and Section 8(12-g) of the New York State Finance Law, may be applicable to payments by Defendants hereunder.

### 5. Liability of Plaintiff for Taxes

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amount specified in Paragraph 2 of this Agreement shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right or cause of action against Defendants, the Department of Corrections and Community Supervision, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties. Plaintiff agrees that he will defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents,

4

whether in their individual or official capacities, for the satisfaction of any such taxes, or interest or penalties on taxes.

### 6.     **Liability of Plaintiff for Liens**

Plaintiff agrees that neither Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens) which may attach to the settlement amount specified in Paragraph 2 of this Agreement. Plaintiff shall have no claim, right, or cause of action against Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such liens, and agrees that he will defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

### 7.     **Medicare Certification**

Plaintiff acknowledges and understands that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form annexed hereto as Exhibit A, to the OAG. Plaintiff acknowledges and understands that the submission of this Affidavit, and any and all requested supporting documentation, to the OAG is a

prerequisite to payment of the settlement amount specified in Paragraph 2 of this Agreement, and falls within the category of "other documentation" described in Paragraphs 3 and 4 of this Agreement.

## 8. Liability of Plaintiff for Any Medicare Payments and/or Liens

Plaintiff agrees to defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their official or individual capacities, regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. If conditional and/or future anticipated Medicare payments have not been satisfied, the State of New York and/or Department of Corrections and Community Supervision and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amount specified in Paragraph 2 of this Agreement. Upon receipt of all required documentation under Paragraphs 3 and 7, payment of the settlement amount specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

## 9. General Release

In consideration of the payment of the sum recited in Paragraph 2 above, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges each of the Defendants, the State of New York, and the New York State Department of Corrections and Community Supervision (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and all of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers,

subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Settlement Agreement, including but not limited to: (a) any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the complaint in this Action; (b) any and all claims regarding or arising directly or indirectly from either Plaintiff's association with any of the Released Parties or the terms and conditions of his association with any of the Released Parties, including but not limited to, his incarceration in the New York State Department of Corrections and Community Supervision system; (c) any and all other claims, whether for damages (including but not limited to, claims for equitable relief, compensatory, punitive, or other damages), breach of contract, negligence, estoppel, defamation, infliction of emotional distress, violation of public policy, or any other tort, or any claim for costs, fees, or other expenses including attorneys' fees, or any other claims under federal, state, or local law relating to Plaintiff's incarceration in the New York State Department of Corrections and Community Supervision ("DOCCS") system. Plaintiff also waives and releases any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Agreement.

**10.    No Other Action or Proceeding Commenced**

Other than the Action, Plaintiff represents and warrants that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against Defendants, the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or any of their officials, employees, or agents, whether in their individual or official capacities, on his own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Agreement.

**11.    No Attorney**

Plaintiff represents and warrants that there are no attorneys having a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law § 475 or otherwise in the Action, or in any other action or proceeding alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. Plaintiff agrees to defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.

**12.     No Prevailing Party**

Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

**13.     Successors and Assigns**

The terms and conditions of this Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

**14.     Authority**

Each signatory to this Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Agreement.

**15.     Voluntary Agreement**

The parties hereto execute and deliver this Agreement voluntarily after being fully informed of its terms, contents and effect, and acknowledge that they understand its terms, contents and effect. The parties hereto acknowledge that they are aware, and are advised, of their right to seek the advice of an attorney before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

**16.     No Admission of Liability**

It is understood and agreed that any actions taken or payment made pursuant to this Agreement are made solely to avoid the burdens and expense of protracted litigation, and that this Agreement and the actions taken or payment made pursuant hereto are not to be construed as constituting any determination on the merits of any claims, whether asserted or purportedly

9

asserted in the Action. Nothing contained in this Agreement shall be deemed to constitute a policy, practice, or custom of the New York State Department of Corrections and Community Supervision, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities.

**17.    No Precedential Value**

This Agreement shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Agreement shall not bind or collaterally estop Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

**18.    Entire Agreement**

This Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

### 19. Governing Law

The terms of this Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims or purported claims pursuant to Paragraph 9 of this Agreement.

### 20. Severability

If any provision of this Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

### 21. Headings

The headings contained in this Agreement are for convenience of reference only and are not a material part of this Agreement.

### 22. Execution

This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one Agreement, and may be executed by facsimile signature and facsimile notary seal.

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Agreement and accept and agree to the provisions contained herein, and have each executed this Agreement to be effective on the day and date indicated below.

THIS AGREEMENT INCLUDES A RELEASE

OF ALL KNOWN AND UNKNOWN CLAIMS

Dated: New York, New York
March 2, 2015

                                          **ERIC T. SCHNEIDERMAN**
Attorney General of the State of New York
Attorney for Defendant Foldvik

_____
**MARIA B. HARTOFILIS**
Assistant Attorney General
120 Broadway, 24th Floor
New York, NY 10271
(212) 416-6295


Dated: New York, New York
March 2, 2015

*Plaintiff*
_____
**NATHANIEL COLLINS**
*Pro Se Plaintiff*
558 East 181st Street – Apt. 10D
Bronx, N.Y. 10457
(347) 774-5459


## ACKNOWLEDGMENT

On the 2nd day of March, 2015, before me came, plaintiff, Nathaniel Collins, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that he executed the same.

JAMES BRENNAN COONEY
NOTARY PUBLIC, State of New York
No. 02CO6220917
Qualified in New York County
Commission Expires April 19, 2014 15

_____
Notary Public

**SO ORDERED:**

Dated: New York, New York
March 9, 2015

_____
Hon. Kenneth M. Karas, U.S.D.J.

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
NATHANIEL COLLINS,                       :    14 Civ. 4533 (KMK)
                                         :
                          Plaintiff,     :    **AFFIDAVIT OF MEDICARE**
                                         :    **ELIGIBILITY STATUS**
           - against -                   :
                                         :
C.O. FOLDVIK, et al.,                    :
                                         :
                          Defendants.    :
------------------------------------------------------------- X

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF _____  )

Nathaniel Collins, being duly sworn, deposes and says:

1.  I am the Plaintiff in the above-captioned action ("the Action"), and currently reside at _____.

2.  I make and submit this affidavit with full knowledge that the same will be relied upon by the Office of the Attorney General ("OAG"), its employees, agents, and representatives in connection with the settlement of the Action, specifically as it relates to the State of New York's obligations as to Medicare compliance primarily pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act ("MSP"). I understand that a query will be or has been made to verify my current Medicare eligibility status.

3.  I hereby acknowledge and understand that as mandated by the Centers for Medicare and Medicaid Services ("CMS") and promulgated by and through its rules and regulations including, but not limited to, the MMSEA and MSP, I am required to: (a) reimburse Medicare for *conditional payments* it has made on my behalf for injuries alleged in the Action from the proceeds of the settlement herein; and/or (b) utilize the settlement proceeds to pay for

any future medical expenses, when necessary, for injuries alleged in the Action.

4. I further acknowledge that the information provided herein will be relied upon by the OAG as true and accurate and, when applicable, will be used for reporting pursuant to MMSEA and MSP and as deemed necessary by the OAG.

5. I hereby agree to promptly provide the OAG with any and all information necessary and required for its reporting pursuant to the MMSEA and MSP.

## PEDIGREE INFORMATION
*✎ Please provide the noted personal background information. ✎*

6. I have been known by the following names (please include any all aliases, former names, and/or maiden names): _____. I hereby acknowledge that I can be identified by these names and that all these names are indeed referring to me.

7. I consent to the OAG verifying my current Medicare eligibility for purposes of its compliance with the MMSEA and MSP, and affirm that:

    a. my social security number is _____;

    b. my date of birth is _____; and

    c. my gender is male / female.

## CURRENT MEDICARE ELIGIBILITY
*✎ Please initial and affirm your applicable current Medicare eligibility status. ✎*

As of the date of this affidavit *(please select either paragraph [8] or [9])*:

8. ✎ _____ I am not currently receiving nor have I ever received Medicare coverage and/or benefits.

9. ✎ _____ I am a Medicare beneficiary and my Medicare Health Insurance Claim ("HIC") number is _____. I am aware of my obligation to reimburse Medicare for payments and/or benefits that I received directly or indirectly from Medicare for

medical expenses for any injuries alleged in the Action. I understand that reimbursement directly to Medicare may be made from any proceeds I receive from the settlement of the Action, and affirm that *(please select either sub-paragraph [a], [b], or [c])*:

  a. ✒_____ Medicare has confirmed that no payment is due and owing from the total proceeds of the settlement of the Action. ***(Please attach a copy of Medicare's letter.)***

  b. ✒_____ Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. ***(Please attach a copy of the Medicare reimbursement letter)***. In accordance with the attached Medicare reimbursement letter, I consent to the payment of that sum directly from the total proceeds of the settlement of the Action.

  c. ✒_____ I am awaiting a Final Demand letter or equivalent information from Medicare. Upon my receipt of the necessary documentation, I will promptly provide it to the assigned Assistant Attorney General and to the OAG's Medicare Compliance Unit via email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG or the New York State Department of Health ("DOH"), or any of their officials, employees or agents, whether in their individual or official capacities, for any delay in payment pursuant to the terms and conditions of the settlement in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Final Demand letter or equivalent correspondence). In accordance with Medicare's Final Demand letter or its equivalent correspondence, I consent to the payment of that sum directly from the total proceeds of the settlement of the Action.

## FUTURE MEDICARE ELIGIBILITY
*✒ Please initial and affirm applicable future Medicare eligibility status ✒*

As of the date of this affidavit *(please select either paragraph [10], [11] or [12])*:

  10. ✒_____ I do not expect to be a Medicare recipient within thirty (30) months of the date of this affidavit and the date of the settlement of the Action, and affirm that:

    a. I have not applied for Social Security Disability Insurance (SSDI);
    b. I have not been denied SSDI and do not anticipate appealing that decision;
    c. I am not in the process of appealing or re-filing for SSDI;

   d.  I am not 62.5 years or older; and
   e.  I do not have End Stage Renal Disease (a qualifying condition for Medicare).

11. ✒ _____  I am not currently a Medicare beneficiary. However, I anticipate that I will be Medicare eligible within thirty (30) months of the date of this affidavit and the date of the settlement of the Action, and affirm that *(please select either sub-paragraph [a]. or [b] and/or [c], as applicable)*:

   a. ✒ _____  I have not sought treatment for any injuries alleged in the Action and I do not require any future treatment for injuries alleged in the Action.

   b. ✒ _____  I have sought treatment for injuries alleged in the Action; however, I do not require any future treatment for injuries alleged in the Action. The required physicians' certification(s) for the injuries alleged in the Action is/are attached. The attached physicians' certification(s) attest(s) that there is no anticipated future treatment required for the injuries alleged in the Action.

   c. ✒ _____  I do require future treatment for the injuries alleged in the Action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the settlement of the Action. I affirm this sum will be used for medicals expenses relating to the injuries alleged in the Action.

12. ✒ _____  I am currently a Medicare beneficiary, and affirm that *(please select either sub-paragraph [a], or [b] and/or [c], as applicable)*:

   a. ✒ _____  I have not sought treatment for any injury alleged in the Action and I do not require any future treatment for injuries alleged in the Action.

   b. ✒ _____  I have sought treatment for injuries alleged in the Action; however, I do not require any future treatment for injuries alleged in the Action. The required physicians' certification(s) for the injuries alleged in the Action is/are attached. The attached physicians' certification(s) attest(s) that there is no anticipated future treatment required for the injuries alleged in the Action.

   c. ✒ _____  I do require future treatment for the injuries alleged in the

Action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the settlement of the Action. I affirm this sum will be used for medicals expenses relating to the injuries alleged in the Action.

_____
NATHANIEL COLLINS

Sworn to before me this
\_\_\_ day of _____, 2015.

_____
NOTARY PUBLIC